United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT O. COOPER,

Plaintiff,

v.

SAN FRANCISCO COUNTY SHERIFF, et al.,

Defendants.

No. C 07-3839 MMC (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

On July 26, 2007, plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. He alleges he was falsely arrested and imprisoned for probation violations, even though his probation period had ended. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v.

United States District Court
For the Northern District of California

Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B. Claims

In his complaint, plaintiff alleges that on August 8, 2000, he was convicted of robbery and sentenced to six months in jail, a fine, and three years probation, with the stipulation that the probation requirement would be dropped if plaintiff paid the imposed fine. Plaintiff alleges that although he paid the fine within one week of his release from jail, he subsequently was arrested three times for probation violations, and on each occasion he was incarcerated for more than thirty days in the San Francisco County Jail. He alleges he was released each time after further investigation, and after his third arrest the presiding judge apologized to him for the inconvenience he had suffered. Plaintiff claims his constitutional rights were violated because he was arrested without probable cause and falsely imprisoned. He seeks monetary damages.

An arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under 42 U.S.C. § 1983. See Lee v. County of Los Angeles, 250 F.3d 668, 685 (9th Cir. 2001). Additionally, the loss of liberty caused by an individual's mistaken incarceration can give rise to a claim under the Due Process Clause of the Fourteenth Amendment. Id. at 683.

Here, liberally construed, plaintiff's complaint alleges his Fourth and Fourteenth Amendment rights were violated because he was arrested on three separate occasions without probable cause, and on each occasion he was incarcerated for more than thirty days. Plaintiff's claims cannot proceed, however, because he has not adequately identified the responsible defendants, or alleged with specificity how the defendants were involved in each alleged incident of wrongful arrest and imprisonment. To state a claim under § 1983, a plaintiff must set forth specific facts as to each individual defendant's conduct that

United States District Court
For the Northern District of California

proximately caused a violation of his constitutional rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). In his complaint, plaintiff broadly claims that his constitutional rights were violated on three unspecified occasions by defendants he identifies as "San Francisco County Sheriff," "Deputy Sheriffs S.F. County John Does 1-7," and "S.F. Police Department Officers John Does 1-7." (Complaint at 2.) Plaintiff's complaint fails to state a claim against the defendants because he has not identified any of them by name, and has not set forth sufficient facts showing how each defendant's actions caused him injury or harm. Accordingly, plaintiff will be given leave to amend the complaint to provide the names of the defendants involved in the alleged constitutional violations, and to set forth specific facts showing how each such defendant's actions caused him injury or harm.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The complaint is hereby DISMISSED with leave to amend. Within **thirty (30) days** of the date this order is filed, plaintiff may file an AMENDED COMPLAINT, **using the court's form civil rights complaint**, in order to cure the deficiencies noted above. Plaintiff shall complete the form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 07-3839 MMC (PR), and the phrase "AMENDED COMPLAINT."

An amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint. London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992). These rules govern actions filed by pro se litigants as well as litigants represented by counsel. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**If plaintiff fails to timely file an amended complaint in conformity with this order, the action will be dismissed.**

2. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely

fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

IT IS SO ORDERED.

DATED: January 2, 2008

MAXINE M. CHESNEY
United States District Judge

United States District Court
For the Northern District of California